OPINION OF THE COURT
Sam Eisenberg, J.
The defendants who are charged with various violations of the Mount Vernon City ordinances relating to the storage of chemicals and the disposition of waste substances have made a three-part motion: (1) seeking a change of venue from this court to another local court; (2) for an order of recusation of this Judge by reason of his alleged prejudgment of the guilt of the defendants; and (3) for a dismissal of the charges for failure to provide speedy trials.
The motion for a change of venue addressed to this court is denied. This court is without authority to transfer a case within its jurisdiction to another local court.
*276 The motion for the recusation of this Judge is grounded in the claim that he participated over a considerable period of time in numerous conferences designed to obtain a disposition of the charges against the defendants and to seek compliance with the pertinent local ordinances. It is argued that the participation by this Judge in compliance conferences indicates a prejudgment of the defendants’ guilt. It is true that numerous conferences with the acquiescence of the defendants and the People and at the instigation of either one or the other took place concerning these charges. There were discussions of pleas that would be acceptable to the court and indicated sentences. Further recognizing the fact that these were matters involving the local city ordinances and, in particular, their effect upon the community, discussions were conducted concerning the conditions which gave rise to the charges in an effort to seek avoidance and elimination of any such future charges. These are generally referred to within this court, at least, as discussions of compliance with no intention of prejudging the particular charges against the defendants. The conduct of such conferences were not intended as indications of prejudgments of the guilt of the defendant. There has been no loss of neutrality or objectivity by this Judge, despite the conferences looking to possible disposition and observance of local city ordinances. Nevertheless, the motion of the defendants raises a serious question, not merely with respect to the participation of this Judge in this case, but more significantly with respect to the entire process of conferences looking to disposition of charges before the court. While these conferences have the aspect of plea bargaining, they are, in a larger sense, discussions of conditions looking to avoidance of similar charges in the future and compliance with the local ordinances. However, if the defendant’s argument is to be accepted, it would result in a serious impediment to any discussions with counsel for defendants in criminal or quasi-criminal matters concerning disposition. Conferences of this nature, whether they be called plea bargaining or, in the case of violations of city ordinances, searches for compliance, are recognized and accepted as proper and appropriate procedures within the court system of this State. Plea bargaining is never condemned, per se, and its benefits have been *277 recognized by the courts and by legal scholars. That recognition was amply indicated in the decision written by Chief Justice Burger in Santobello v New York (494 US 257, 261) in the following language: “Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases”.
The thrust of the defendant’s argument would create a two-tier system for the disposition of all cases where any plea negotiations have been conducted in the presence of a Judge. In essence, it would preclude any Judge who has participated in any prior disposition discussions from conducting the trial of the case, if the disposition conferences should fail. In a somewhat similar vein, it had been argued, in the matter of People v “R” (36 AD2d 546), that a Judge who had access to a probation report and statements made by a defendant to a probation officer should disqualify himself from a trial of the defendant. The court rejected the contention, noting that there was no provision in the then Code of Criminal Procedure that different Judges must act at different stages of a case. Similarly, it should be noted that there is no provision in the current Criminal Procedure Law for a two-tier system whereunder a Judge who has participated in failed plea or compliance discussions must disqualify himself from the trial. In the absence of prejudice against or prejudgment of a defendant, there is no reason for a Judge to disqualify himself.
Despite the fact that this Judge has no prejudice against the defendants and has no preconceived views or judgments as to their guilt, he will not conduct the trial of these defendants. Instead, it will be tried by another Judge of this court. It is convenient for the court to do so, eliminating thereby every possible claim or appearance of bias or prejudgment. There is no intention by this determination to infer that a Judge who has participated in disposition discussions is or should thereby be disqualified thereby from acting as the Trial Judge.
The defendants have been represented by able counsel at every stage of these proceedings. If there has been any delay in proceeding to trial, it has been primarily as a *278 result of the discussions and negotiations relating to possible pleas and compliance, in which counsel for the defendants participated readily and willingly. Under these circumstances, the defendants cannot now be heard to say that they were denied speedy trials. (People v Taylor, 64 AD2d 998; People v Jenner, 37 AD2d 786.) The motion to dismiss the charges for the alleged failure to furnish speedy trials is denied.