■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM K. MCMAHON, Appellant. [669 NYS2d 951] —Appeal by

the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered August 27, 1996, convicting him of kidnapping in the second degree, attempted rape in the first degree, and assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We find that the trial court erred in declining to merge the defendant's kidnapping conviction into his assault and attempted rape convictions (see, People v Gonzalez, 80 NY2d 146).

Viewing the evidence of the other charges in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those charges was not against the weight of the evidence (CPL 470.15 [5]).

Equally without merit is the defendant's contention that the trial court violated his right to confront the witnesses against him by limiting his cross-examination of the complainant. Despite the court's limitation, the defendant was able to sufficiently probe the intended area of inquiry and explore the veracity of the complainant's direct testimony (see, People v Chin, 67 NY2d 22, 28-29; People v Allen, 50 NY2d 898, 899; People v Miceli, 235 AD2d 551). Accordingly, there was no infringement on the defendant's right of confrontation.

The defendant's remaining contention is without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.