■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SVI ZER, Appellant. [714 NYS2d 257] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered February 3, 1997, convicting defendant, upon his plea of guilty, of two counts of conspiracy in the fourth degree, and sentencing him to concurrent terms of 5 years of probation, unanimously affirmed.

The court properly rejected defendant's motion to recuse itself from resolving defendant's meritless motion to withdraw his guilty plea (*see*, *People v Moreno*, 70 NY2d 403), and properly denied the motion without a hearing (*see*, *People v Jackson*, 186 AD2d 389, *lv denied* 81 NY2d 790). The record establishes that the plea by defendant, who was represented by counsel as well as being an attorney himself, was knowing and voluntary. The court was not acting in a coercive manner when it reminded defendant of the scope of sentencing available in the event of a conviction after trial (*see*, *People v Ambrose*, 266 AD2d 26), or when it directed him to make a prompt choice between accepting the plea and proceeding to trial. We note that the court's promise of probation was the same disposition solicited by defendant months earlier, but initially rejected by the court. We have considered and rejected defendant's remaining arguments concerning the voluntariness of his plea.

Defendant's contention that the indictment should be dismissed on the ground of egregious police misconduct is unpreserved due to the untimeliness of defendant's dismissal motion (CPL 255.10, 255.20) and is waived by operation of his guilty plea itself (*People v Di Raffaele*, 55 NY2d 234, 240), as well as his valid waiver of the right to appeal. In any event, defendant has failed to establish his entitlement to dismissal of the indictment (*see*, *People v Isaacson*, 44 NY2d 511). Defendant's right to appeal the suppression ruling has been waived. Concur—Sullivan, P. J., Rosenberger, Lerner, Andrias and Friedman, JJ.