■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SCANNELL, Appellant. [19 NYS3d 772]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered April 23, 2013, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he should have been afforded an opportunity to withdraw his plea because the County Court was involved in the plea negotiations between his attorneys and the District Attorney is without merit. Although rule 11 (c) (1) of the Federal Rules of Criminal Procedure prohibits federal judges from participating in the plea bargaining process, it has been recognized that this rule does not apply to state courts, and "does not necessarily establish a constitutional prohibition" (*Frank v Blackburn*, 646 F2d 873, 882 [1980]; *see McMahon v Hodges*, 382 F3d 284, 289 n 5 [2004]; *Damiano v Gaughan*, 770 F2d 1 [1985]; *Toler v Wyrick*, 563 F2d 372, 374 [1977]). "In New York State courts, a trial judge is permitted to participate in plea negotiations with criminal defendants" (*McMahon v Hodges*, 382 F3d at 289 n 5, citing *People v Fontaine*, 28 NY2d 592, 593 [1971]). Accordingly, the fact that the County Court was involved in the defendant's plea negotiations was an insufficient basis upon which to require that the defendant be given an opportunity to withdraw his plea. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.