**F I L E D**

**UNITED STATES COURT OF APPEALS** December 12, 2006

**TENTH CIRCUIT**

JOSEPH McCRAY,

      Petitioner-Appellant,

v.

DAVID R. McKUNE; and PHILL
KLINE, Kansas Attorney General,

      Respondents-Appellees.

No. 06-3229
(D.C. No. 05-CV-3323-JWL)
(Kansas)

## ORDER[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Joseph McCray, a state prisoner appearing *pro se*[1], seeks a certificate of

appealability (COA) to challenge the district court's denial of his petition for writ

of habeas corpus under 28 U.S.C. § 2254.[2] Exercising jurisdiction under

28 U.S.C. § 2253(c)(1), we see no basis for appeal and deny a COA.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1]We liberally construe Mr. McCray's *pro se* application. *See Cummings v.
Evans,* 161 F.3d 610, 613 (10th Cir. 1998), *cert. denied,* 526 U.S. 1052 (1999).

[2]The district court denied Mr. McCray's request for a COA but granted his
motion to proceed *in forma pauperis* on appeal.

Mr. McCray entered an *Alford* plea to two counts of aggravated kidnapping and two counts of aggravated robbery in Kansas state court. A stipulated agreement embodying Mr. McCray's expected testimony established the factual basis for his plea. Mr. McCray was subsequently sentenced to 214 months imprisonment. Ten days after entering his *Alford* plea, Mr. McCray filed a motion to vacate his plea agreement and withdraw his guilty plea. The state district court denied this motion, Mr. McCray appealed, and the Kansas Court of Appeals affirmed his conviction. *State v. McCray*, 87 P.3d 369 (Kan. Ct. App. 2004). Mr. McCray then filed a habeas petition pursuant to 28 U.S.C. § 2254, asserting his due process rights were violated when (1) he did not knowingly and voluntarily enter into the *Alford* plea, and (2) the trial court accepted a written statement of the factual basis for the plea without reading those stated facts in open court.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state habeas petitioner "has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Before he may appeal, he first must obtain a COA. Otherwise the court of appeals is without jurisdiction. *See id*. at 336. A COA will issue only if petitioner makes "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) To do so, petitioner must show "that reasonable jurists could debate whether . . . the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. (citations and internal quotation marks omitted).

In determining whether the petitioner has made the required showing, we review the claims presented in his § 2254 petition and generally assess their merit. *See Miller-El*, 537 U.S. at 336. In doing so, we "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Id*. Where, as here, petitioner's federal habeas claims were adjudicated on the merits, we will grant an application for a COA "only where the state court decision was 'contrary to, or involved an unreasonable application of , clearly established Federal law, as determined by the Supreme Court . . .' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." *Dockins v. Hines*, 374 F.3d 935, 936-37 (10th Cir. 2004).

The district court reviewed Mr. McCray's claims on the merits and rejected them. Specifically, the district court, applying AEDPA deference to the state court's decisions, concluded Mr. McCray's right to due process was not violated by the trial court's refusal of his request to withdraw his guilty plea.

In reviewing a state court guilty plea, we are only looking to evidence of constitutional due process infirmities, indications that Mr. McCray did not

understand "the nature and the consequences of the charges against him and" did not "voluntarily cho[o]se to plead guilty." *Miles v. Dorsey*, 61 F.3d 1459, 1466 (10th Cir. 1995). Mr. McCray asserts that a pre-plea discussion with a state court judge, at the suggestion of his attorneys when he balked at going forward with the *Alford* plea, undermined the voluntariness of his plea by coercing him to accept it. However, as *Miles* notes, federal rules that prevent judicial involvement in plea discussions do not establish a *per se* constitutional bar that similarly limits state judges. *Id.* at 1467. The determinative issue is whether such a discussion "coerced [Mr. McCray] to enter into a plea bargain involuntarily." *Id.* Both the Kansas Court Appeals and the federal district court provided well-reasoned and factually compelling rebuttals to Mr. McCray's assertion that his discussion with the judge and interactions with his own counsel produced an involuntary plea. *See McCray*, 87 P.3d at 372; Dist. Ct. Rec. at doc. 22. Our review of the record bears out this conclusion. We are not persuaded that reasonable jurists would disagree that Mr. McCray's plea was voluntary.

Mr. McCray also contends his due process rights were violated when the trial court accepted a written statement of the factual basis for the plea without reading the facts in open court. At the plea hearing, the factual basis for the *Alford* plea consisted of a written stipulation that attested to relevant facts and was signed by defendant and the attorneys involved. During the hearing, the state court offered defendant an opportunity to "comment" and state whether the

stipulation was "satisfactory." Tr., Plea Hr'g at 12-13. Mr. McCray acknowledged his "statements" were of his own "free will" and were "free and voluntary," and his counsel stated that Mr. McCray was entering into the plea to "take the benefit of this bargain." *Id.* at 12-14. The state court subsequently found the "facts contained in the statements . . . would support the entry of those pleas of guilty," and accepted Mr. McCray's *Alford* plea as representing his "own free will." *Id.* at 15.

Like the district court, we find no published opinions suggesting that a freely drafted and agreed upon stipulation to facts not read into the record in support of an *Alford* plea constitutes a constitutional due process violation. Thus, we conclude reasonable jurists would concur that the failure to read into the record the factual basis for Mr. McCray's plea did not infringe upon his constitutional rights.

Accordingly, we **DENY** Mr. McCray's request for a COA.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-