Robert William GALLOWAY,
Petitioner,

v.

Bruce G. HOWARD, et
al., Respondents.

No. CIV–08–285–C.

United States District Court,
W.D. Oklahoma.

Dec. 10, 2008.

Robert William Galloway, Hodgen, OK, pro se.

Thomas L. Tucker, Attorney General's OFC, Oklahoma City, OK, for Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

ROBIN J. CAUTHRON, District Judge.

This action for habeas corpus relief brought by a prisoner, proceeding *pro se,* was referred to United States Magistrate Judge Robert E. Bacharach, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Bacharach entered a Report and Recommendation on November 19, 2008, to which Petitioner has timely objected. The Court therefore considers the matter *de novo.*

Petitioner's objection merely restates his original arguments and, without factual support, argues he is entitled to a hearing and relief. To the contrary, there is no argument of fact or law not fully considered and correctly rejected by the Magistrate Judge, and no argument of fact or law is set forth in the objection which would require a different result.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, denies this petition for habeas corpus relief. Petitioner's request for an evidentiary hearing is likewise denied. A judgment will enter accordingly.

## REPORT AND RECOMMENDATION

ROBERT E. BACHARACH, United States Magistrate Judge.

The Petitioner, Mr. Robert Galloway, is a state inmate seeking a writ of habeas corpus and an evidentiary hearing. The Court should deny both requests.

### BACKGROUND

After negotiations with the State, Mr. Galloway agreed to plead guilty and accept:

- concurrent ten-year sentences for the charges of unauthorized use of a motor vehicle and driving under the influence and

- a concurrent one-year sentence for driving under a revocation.[1]

However, Oklahoma County Judge Twyla Mason Gray stated that she would not accept a ten-year sentence for unauthorized use of a motor vehicle. *See* Transcript of Proceedings, Plea and Sentencing at pp. 4–5, *State v. Galloway,* Case Nos. CF–2001–2227, CF–2004–2506 (Okla.Co. Dist.Ct. July 20, 2005) ("Transcript of Guilty Plea"). The plea agreement was then renegotiated to reflect a 25–year sentence for that charge. *See* Plea of Guilty Summary of Facts at p. 3; Transcript of Guilty Plea at p. 6.

Mr. Galloway entered a guilty plea and obtained a sentence of concurrent terms involving:

- 25 years for unauthorized use of a motor vehicle,

- 10 years for driving under the influence, and

- 1 year for driving under revocation.

Plea of Guilty Summary of Facts at pp. 1–6; Judgment and Sentence, *State v. Gallo-way,* Case No. CF–2004–2506 (Okla.Co. Dist.Ct. July 27, 2005).

Appearing *pro se,* the Petitioner moved to withdraw the guilty plea. Motion to Withdraw Plea, *Galloway v. State,* Case No. CF–2004–2506 (Okla.Co.Dist.Ct. July 27, 2005). After a hearing,[2] the state court rejected the motion[3] and Mr. Galloway appealed through counsel.[4] The Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Summary Opinion Denying Certiorari, *Galloway v. State,* Case No. C–2005–790 (Okla.Crim.App. Apr. 5, 2006) ("OCCA Certiorari Opinion").

Thereafter, Mr. Galloway applied for state post-conviction relief. *See* Application for Post–Conviction Relief, *Galloway v. State,* Case No. CF–2004–2506 (Okla. Co. Dist. Ct. June 8, 2007) ("Application for Post–Conviction Relief"). The state district court again denied relief,[5] and the OCCA affirmed.[6]

The Petitioner then initiated the present action, alleging:

- involuntariness in the guilty plea,

- ineffective assistance of trial and appellate counsel,

- excessive sentence for unauthorized use of a motor vehicle, and

- due process violations surrounding reinstatement of a charge after the preliminary hearing.

---

1. *See* Brief in Support of Petition for Writ of Habeas Corpus on Behalf of Robert William Galloway, Petitioner at p. 5 (Mar. 25, 2008) ("Petitioner's Brief in Support"); Plea of Guilty and Summary of Facts at p. 3, *State v. Galloway,* Case No. CF–2004–2506 (Okla.Co. Dist.Ct. July 20, 2005) ("Plea of Guilty Summary of Facts").

2. Transcript of Proceedings, Motion to Withdraw Plea of Guilty at pp. 1–23, *State v. Galloway,* Case Nos.2001–2227, 2004–2506 (Okla.Co.Dist.Ct. Aug. 3, 2005) ("Transcript of Motion to Withdraw Plea of Guilty").

3. Transcript of Motion to Withdraw Plea of Guilty at pp. 20–21.

4. *See* Original Brief for and on Behalf of Robert William Galloway, Petitioner, *Galloway v. State,* Case No. C–2005–790 (Okla. Crim.App. Nov. 30, 2005).

5. Order Denying Application for Post–Conviction Relief, *Galloway v. State,* Case No. CF–2004–2506 (Okla.Co.Dist.Ct. Nov. 13, 2007) ("Order Denying Post–Conviction Relief").

6. Order Affirming Denial of Post–Conviction Relief at pp. 1–3, *Galloway v. State,* Case No. PC–2007–1213 (Okla.Crim.App. Feb. 25, 2008) ("OCCA Opinion on Post–Conviction Relief").

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 5–14 (Mar. 19, 2008) ("Petition").

### STANDARD FOR HABEAS RELIEF

The applicable standard turns on how the state appellate court had treated the underlying issue. When the state appellate court had not addressed the merits, the federal district court exercises its independent judgment. *See, e.g., Hain v. Gibson,* 287 F.3d 1224, 1229 (10th Cir.2002).

If the OCCA did rule on the merits, the federal district court bears a "secondary and limited" role. *See Castro v. Ward,* 138 F.3d 810, 815 (10th Cir.1998).

For example, a state court's determination of a factual issue triggers a narrow standard of review in two respects. First, the finding is presumptively correct, requiring the challenging party to respond with clear and convincing evidence. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(e)(1) (2000). Second, when factual allegations are involved, a federal court can grant habeas relief only if the state court had made "an unreasonable determination of the facts in light of the evidence presented." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(2) (2000).

The federal district court also engages in limited scrutiny of legal determinations when the state's highest court has addressed the merits. In these circumstances, the federal court considers only whether the state appeals court's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2000).

The threshold issue is whether federal law clearly establishes the constitutional protection underlying the Petitioner's claim. *See House v. Hatch,* 527 F.3d 1010, 1018 (10th Cir.2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1)."). "[C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice.* Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context." *Id.* at 1016–17 (footnote & citations omitted). For this purpose, Supreme Court holdings "must be construed narrowly and consist only of something akin to on-point holdings." *Id.* at 1015. In the absence of Supreme Court precedents, "a federal habeas court need not assess whether a state court's decision was 'contrary to' or involved an 'unreasonable application' of such law." *Id.* at 1017.

If Supreme Court precedents do establish the underlying constitutional right, the federal district court must ask whether the state court decision was contrary to Supreme Court precedent. These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court holdings or
- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor,* 529 U.S. 362, 405–406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (citation omitted).

If these circumstances are absent, the federal district court must determine whether the state court decision involved an unreasonable application of Supreme Court precedents. *See supra* p. 4. Application of Supreme Court precedent is considered "unreasonable" when the state court unreasonably extends, or refuses to

extend, prior decisions. *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir.2008).

## FAILURE TO ISSUE FINDINGS AND CONCLUSIONS

■ A special judge conducted a preliminary hearing and dismissed the charge of unauthorized use of a motor vehicle. Transcript of Preliminary Hearing Proceedings at p. 26, *State v. Galloway*, Case No. CF–2004–2506 (Okla.Co.Dist.Ct. Apr. 18, 2005) (Doak, Special Judge). The State appealed, and a state district judge reversed and ordered reinstatement of the charge. Order to Bind Defendant Over for Trial, *State v. Galloway*, Case No. CF–2004–2506 (Okla.Co.Dist.Ct. May 3, 2005). Mr. Galloway points out that in reversing, the state district judge did not issue written findings of fact and conclusions of law. According to the Petitioner, the omission constituted a deprivation of due process and entitles him to a writ of habeas corpus. Petition at p. 5; Petitioner's Brief in Support at pp. 8–10.[7] The Petitioner is mistaken.

The state court of criminal appeals requires entry of findings of fact and conclusions of law when a district judge reviews a magistrate's dismissal of charges at a preliminary hearing.[8] The district judge entered a written order, but arguably violated the rule by failing to issue findings of fact and conclusions of law. The Court may assume *arguendo* that the state rule was violated.[9] Even then, Mr. Galloway could only obtain habeas relief if the violation of state law had resulted in a deprivation of due process. It did not.[10]

## INVOLUNTARINESS OF THE GUILTY PLEA

Mr. Galloway alleges that his guilty plea was not knowing and voluntary because of coercion and misapprehension about the agreement. Petition at p. 14; Petitioner's Brief in Support at pp. 21–22. The Court should reject these claims, as the state district court and OCCA reasonably concluded that the plea was knowing and voluntary.

7. Responding to Mr. Howard's suggestion that non-jurisdictional errors are waived upon the entry of a guilty plea, the Petitioner asserts new factual allegations. *See* Petitioner's Reply to Respondent's Response to Petition for Writ of Habeas Corpus at pp. 5–11 (July 17, 2008) ("Petitioner's Reply"). These allegations are intended to challenge the state court's jurisdiction. *See id.* But Mr. Galloway did not challenge the state court's jurisdiction in his petition, and the federal district court should reject the due process claims on the merits. *See infra* pp. 6–7. Thus, the Court need not address the Petitioner's new allegations in his reply brief. *See infra* p. 20 n. 32.

8. Rule 6.1(A), Rules of the Oklahoma Court of Criminal Appeals; *see Newton v. State*, 824 P.2d 391, 395 (Okla.Crim.App.1991) (stating that "a reviewing judge must specifically set out his findings of fact and conclusions of law when he files his written order [under Rule 6.1, Rules of the Oklahoma Court of Criminal Appeals]").

9. Counsel for both parties approved the "form" of the state district judge's order. *See State v. Galloway*, Case No. CF–2004–2506 (Okla.Co.Dist.Ct. May 3, 2005). The federal district court need not determine the effect of this approval.

10. *See Morishita v. Morris*, 702 F.2d 207, 210 (10th Cir.1983) (holding that a state court's failure to make written findings of fact and conclusions of law in a probation revocation proceeding did not deprive a habeas petitioner of due process of law); *see also Grant v. Punches*, 161 F.3d 17, 1998 WL 637259, Westlaw op. at 1 (10th Cir. Sept. 11, 1998) (unpublished op.) (rejecting a habeas petitioner's due process claim, which had been based on insufficient findings of fact and conclusions of law in post-conviction proceedings); *Davis v. Beck*, 151 Fed.Appx. 707, 709 (10th Cir.2005) (unpublished op.) (rejecting a habeas petitioner's due process claim involving the state district court's failure to provide adequate findings of fact and conclusions of law in post-conviction proceedings).

## I. *The Constitutional Test*

■ "On review, a federal court may set aside a state court guilty plea only for failure to satisfy due process." *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir.1996) (citation omitted). The Fourteenth Amendment's Due Process Clause permits a guilty plea only if it is knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The plea must represent a deliberate, intelligent choice,[11] and the defendant must have "a full understanding of what the plea connotes and of its consequence." [12]

## II. *Coercion*

■ According to Mr. Galloway, Judge Gray coerced a guilty plea by frightening him with the likelihood that a jury trial would result in a sentence of 50 to 60 years. Petition at p. 14; Petitioner's Brief in Support at p. 21. This argument is invalid.

The trial judge told Mr. Galloway:

So, of the options that you have, you know, you have an option to plead to the 25 or you have the option of going to trial. We've talked off the record that when the jury hears that you have eight felony priors it would be our belief and I say that with the attorneys standing here because we've all kind of talked about what we've experienced in jury trials, I think the jury will give you probably 50 or 60 years.[13]

Transcript of Guilty Plea at p. 6. The Petitioner alleges that this statement rendered the plea involuntary. Petition at p. 14; Petitioner's Brief in Support at p. 22. To resolve this claim, the Court must examine the legal and factual aspects of the judge's statement.

Generally, federal courts have discouraged judicial involvement in plea negotiations.[14] This mindset led to a prohibition in federal criminal cases against a judge's participation in plea bargaining. *See* Fed. R. Crim. P. 11(c)(1). Thus, in a federal criminal case, once a judge rejects a proposed plea, he cannot "offer guidance regarding what terms in a subsequent plea agreement [he] would find acceptable." [15] The prohibition stems from a belief that a "court's comparison of a post-trial sentence to a post-plea sentence [is] inherently coercive." *United States v. Cano–Varela*, 497 F.3d 1122, 1134 (10th Cir.2007) (citation omitted). But the prohibition in Rule 11 against judicial participation in plea negotiations is not mandated in the federal constitution,[16] and the United States Supreme

---

**11.** *See Parke v. Raley*, 506 U.S. 20, 28, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).

**12.** *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

**13.** In the hearing on the motion to withdraw the plea, the judge revised her prediction. There she said she thought "the jury would give [Mr. Galloway] 40 or 50 years." Transcript of Motion to Withdraw Plea of Guilty at pp. 10–11.

**14.** Michael O'Hear, *Plea Bargaining and Procedural Justice*, 42 Ga. L. Rev. 407, 461 n. 218 (2008) ("Judicial participation in plea bargaining ... is prohibited or discouraged in most jurisdictions ...." (citations omitted)).

**15.** *United States v. Cano–Varela*, 497 F.3d 1122, 1133 (10th Cir.2007) (citation omitted); *see also United States v. Bruce*, 976 F.2d 552, 556 n. 3 (9th Cir.1992) (stating that when a judge recommends acceptance of a particular agreement, "the degree of coercion inherent in judicial participation in plea discussions is only heightened" (citation omitted)).

**16.** *See Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir.1980) (*en banc*) ("Rule 11 only sets the standard for federal courts; it does not necessarily establish a constitutional prohibition" (citation omitted)), *modified on other grounds*, 646 F.2d 902 (5th Cir.1981) (*en banc*), *quoted with approval in Miles v. Dorsey*, 61 F.3d 1459, 1467 (10th Cir.1995); *McCray v. McKune*, 208 Fed.Appx. 669, 671 (10th

Court has never interpreted the Fifth or Fourteenth Amendment to prohibit participation in plea negotiations. In the absence of Supreme Court precedent on the issue, the federal district court cannot regard the underlying constitutional right as "clearly established" for purposes of habeas review. *See McMahon v. Hodges,* 382 F.3d 284, 289–91 (2d Cir.2004).[17] The absence of Supreme Court precedent on the underlying constitutional theory is fatal to the Petitioner's claim.[18]

Without a "clearly established" constitutional right, the federal district court must consider whether the state courts' factual determination was reasonable. *See supra* p. 4. On direct review, the OCCA considered Mr. Galloway's claim and found "nothing to indicate the plea was not knowing and voluntary." OCCA Certiorari Opinion at p. 2. Under federal law, the Court must presume the correctness of the OCCA's factual finding and reach a contrary conclusion only if the Petitioner has presented clear and convincing evidence of coercion in the plea. *See supra* p. 4. No such evidence has been presented here. As a result, the federal district court must rely on the presumption and uphold the OCCA's factual finding of voluntariness in the guilty plea. *See supra* p. 4.

### III. *Misapprehension About the Plea Agreement*

■ Mr. Galloway also alleges that his plea was not knowing and voluntary based on his "misapprehen[sion]" about the terms of the agreement. Petitioner's Brief in Support at p. 22. The Petitioner's allegation is not supported by the state court record.

Mr. Galloway does not explain what he misapprehended, and his habeas brief reflects his understanding that he was pleading to a 25–year sentence for unauthorized use of a motor vehicle. In fact, Mr. Galloway acknowledges that he accepted a 25–year sentence to avoid a harsher sentence at trial. *See id.* at pp. 20, 22 (stating that he had accepted a 25–year sentence to "avoid a 50 to 60 year sentence").

On appeal, the OCCA reviewed "the original record, transcripts, motions and Petitioner's brief" and found "nothing to indicate the plea was not knowing and

---

Cir.2006) (unpublished op.) ("as *Miles [v. Dorsey]* notes, federal rules that prevent judicial involvement in plea discussions do not establish a *per se* constitutional bar that similarly limits state judges" (citation omitted)); *see also McMahon v. Hodges,* 382 F.3d 284, 289 n. 5 (2d Cir.2004) ("Although federal judges are prohibited from participating in plea bargaining, *see* Fed.R.Crim. P. 11, this blanket prohibition does not apply to state judges." (citation omitted)).

**17.** In *McMahon v. Hodges,* a state district judge expressed his belief before trial that a jury was likely to find the defendant guilty. *See McMahon v. Hodges,* 382 F.3d at 289. After the remark, the defendant consented to transfer to another judge for a bench trial. *See id.* at 287. The second judge found the defendant guilty, the state appeals court upheld the pertinent conviction, and the federal district court granted a writ of habeas corpus on grounds involving undue pressure to waive

the right to a jury trial. *See id.* at 287–88. The Second Circuit Court of Appeals reversed, holding that the state appellate court's determination did not constitute an unreasonable application of clearly established Supreme Court precedents. *Id.* at 291.

**18.** *See Wright v. Van Patten,* 552 U.S. 120, 128 S.Ct. 743, 746, 169 L.Ed.2d 583 (2008) (*per curiam* ) (rejecting a habeas claim because the Supreme Court's prior cases had not clearly dictated an outcome in the petitioner's favor); *Crawley v. Dinwiddie,* 533 F.3d 1226, 1230–31 (10th Cir.2008) (rejecting a habeas claim because of the absence of a specific Supreme Court holding relevant to the petitioner's claim); *see also Miles v. Dorsey,* 61 F.3d 1459, 1467 (10th Cir.1995) (rejecting a state prisoner's habeas claim based on a state trial judge's moderate participation in plea negotiations notwithstanding the "absolute prohibition on participation by a federal judge in plea discussions").

voluntary." OCCA Certiorari Opinion at p. 2. The Petitioner's conclusory statement is unconvincing in light of the deference owed to the state appellate court's finding.

The record does not support Mr. Galloway's claim about the plea agreement. At the hearing, the colloquy was:

COURT: Mr. Galloway, you completed paperwork with Ms. Tedder to enter a plea of guilty.

DEFENDANT: Yes.

COURT: Did you answer the questions truthfully?

DEFENDANT: Yes, I did.

COURT: So, the paperwork as you completed it had one plea agreement in there and we're going to change it and you know that?

DEFENDANT: I understand.

COURT: And the way I think I'm going to word this is I think I'm going to change it to 25 and 10 all to run concurrent, so the only real change in the paperwork will be on count one, the UUMV.

. . . .

COURT: So let me go through this with you, Mr. Galloway. The paperwork that you completed with counsel you presented to me. There's answers circled.

DEFENDANT: Yes.

COURT: You answered the questions truthfully? You understand the rights that you're giving up by entering a plea of guilty?

DEFENDANT: Yes, ma'am.

COURT: Closing your case, this is going to be it. That's what you want to do?

DEFENDANT: Yes.

COURT: And the UUMV is going to be 25; DUI 10; DUR one, to be served concurrently with the revocation which is revoked in full, seven to do, CC with the Lincoln County case,

CF–04–71 and you're doing five years. Do you understand?

DEFENDANT: Yes.

. . . .

COURT: No one is forcing you to do anything today?

DEFENDANT: No.

COURT: You're unhappy with your options but you're making the decision of your own free will?

DEFENDANT: Certainly, yes.

. . . .

COURT: Do you have any other questions about this?

DEFENDANT: No. No questions. I'm sorry that it came to this because I certainly wasn't aware of all the ramifications.

. . . .

COURT: Are you talking about after you'd been in jail or are you talking about that comes down to this that you didn't understand the ramifications before you got arrested again?

DEFENDANT: I'm just talking about, well, I understand that's your job that you just did and it's kind of overwhelming for me to accept it, but I accept it because I understand now, you know, that I've been, I just haven't been taking it all into consideration how serious all this really is.

. . . .

COURT: Do you have any questions about what we're doing today?

DEFENDANT: No.

COURT: Questions about any of the paperwork, sir?

DEFENDANT: No. . . .

. . . .

COURT: Do you have any other questions, sir?

DEFENDANT: No. So we're done, right?

COURT: We're done.

Transcript of Guilty Plea at pp. 10–14, 16.

This record reflects careful advice to Mr. Galloway regarding the terms of the guilty plea and his understanding of the circumstances.

IV. *Summary*

The state appeals court found that Mr. Galloway's guilty plea was valid. That decision was reasonable, and the federal district court should decline to grant habeas relief on this ground.

### JUDICIAL BIAS

■ In the petition, Mr. Galloway seeks habeas relief based on the trial judge's abuse of discretion in disallowing withdrawal of the guilty plea. Petition at p. 12. In the supporting brief, Mr. Galloway also suggests bias on the part of the judge. Petitioner's Brief in Support at pp. 16–18. However construed, the habeas claim would be invalid.

■ The theory advanced in the petition is invalid because an abuse of discretion would not constitute grounds for habeas relief. *See Hawkins v. Champion,* 982 F.2d 528, 1992 WL 372598, Westlaw op. at 4 n. 5 (10th Cir. Dec. 18, 1992) (unpublished op.) ("By itself abuse of discretion by a state trial judge does not raise a constitutional issue cognizable on federal habeas review.").

The theory advanced in the supporting brief is also invalid.

Because the OCCA did not address this theory,[19] the federal district court must exercise its independent judgment.[20]

"In general, the standard for evaluating whether a habeas petition alleges judicial bias amounting to a denial of due process is whether the judge was 'actually biased or prejudiced against the petitioner.'" *Nichols v. Sullivan,* 867 F.2d 1250, 1254 (10th Cir.1989) (citation omitted). A narrow exception arises for allegations involving a likelihood or appearance of bias. *See id.* "The test for assessing whether the likelihood of or appearance of bias is so great as to be constitutionally intolerable is whether 'the judge [is] unable to hold the balance between vindicating the interests of the court and the interests of the accused.'" *Id.* (quoting *Taylor v. Hayes,* 418 U.S. 488, 501, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974)). The Petitioner alleges actual bias, rather than an appearance of partiality.

To show actual bias, Mr. Galloway must present "compelling" evidence.[21] By themselves, "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge."[22]

The Petitioner has not presented any factual allegations or evidence to suggest actual bias on the part of the trial judge. According to the Petitioner, his bar complaint against his attorney caused the trial judge to react with "passion" and hostility. Petitioner's Brief in Support at p. 16. There is no evidence to support this allegation. Mr. Galloway refers to a statement

---

**19.** *See* OCCA Certiorari Opinion, *passim.*

**20.** *See supra* p. 3.

**21.** *See Fero v. Kerby,* 39 F.3d 1462, 1478 (10th Cir.1994) (in upholding dismissal of a habeas claim involving judicial bias, the court stated that "[d]isqualification of a judge for actual bias or prejudice is a serious matter and should only be required when the evidence is compelling" (citation omitted)).

**22.** *United States v. Mendoza,* 468 F.3d 1256, 1262 (10th Cir.2006); *see also Sac & Fox Nation of Oklahoma v. Cuomo,* 193 F.3d 1162, 1168 (10th Cir.1999) (stating in a civil action that "merely adverse rulings can almost never constitute grounds for disqualification" (citation omitted)).

by his trial counsel about the bar complaint. But Mr. Galloway does not suggest any statements by the trial judge to suggest any reaction to the bar complaint. Mr. Galloway's theory of judicial bias rests on pure speculation.

### EXCESSIVENESS OF THE SENTENCE FOR UNAUTHORIZED USE OF A MOTOR VEHICLE

■ The Petitioner alleges that his 25–year sentence for unauthorized use of a motor vehicle is excessively disproportionate. Petition at p. 13; Petitioner's Brief in Support at pp. 19–20. The OCCA acted reasonably in rejecting this claim.

■ The sentence was excessive only if it was grossly disproportionate to the offense. *See Hawkins v. Hargett*, 200 F.3d 1279, 1282 (10th Cir.1999). The relevant factors include the legislative determination of an appropriate sentence range. *See id.* at 1284–85. A sentence will be deemed excessive only in extraordinary circumstances.[23]

The trial judge relied principally on the existence of eight prior felony convictions.

Transcript of Guilty Plea at pp. 4–5. With the prior convictions, the maximum sentence would have been life imprisonment.[24]

The OCCA held that the 25–year sentence was not excessive,[25] and this determination was reasonable under existing federal law.[26]

This Court addressed a similar issue in *Brewer v. Evans*, Case No. CIV–05–780–R (W.D.Okla.). There an Oklahoma defendant was convicted of unauthorized use of a motor vehicle and sentenced to 50 years.[27] The Western District of Oklahoma held that the sentence was not constitutionally excessive in light of the statutory maximum of life imprisonment.[28]

Mr. Galloway's sentence involved half as many years of prison,[29] and he had eight prior felony convictions.[30] As noted above, the issue is whether the OCCA's decision was reasonable under existing Supreme Court precedents.[31] The Court should answer in the affirmative.

The Supreme Court had addressed a similar issue in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). There a petitioner obtained two

23. *See Lockyer v. Andrade*, 538 U.S. 63, 77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case."); *see also United States v. Angelos*, 433 F.3d 738, 750 (10th Cir.2006) ("Although the Supreme Court has reviewed Eighth Amendment challenges to a number of state and federal sentences, it has struck down only two of them over the past century.").

24. *See* Okla. Stat. tit. 47 § 4–102 (2001) (establishing that unauthorized use of a motor vehicle is a felony); Okla. Stat. tit. 21 § 51.1 (2002 supp.) (enhancing the penalty for individuals twice convicted of prior felonies, with the current felony conviction being punishable from three times the minimum term for a first offender to life imprisonment).

25. OCCA Certiorari Opinion at 2.

26. *See supra* pp. 4–5.

27. *See Brewer v. Evans*, Case No. CIV–05–780–R, slip op. at 9 (W.D.Okla. Nov. 23, 2005) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Jan. 26, 2006) (unpublished order by district judge), *appeal dismissed*, Case No. 06–6104 (10th Cir. Aug. 17, 2006) (unpublished op.).

28. *Brewer v. Evans*, Case No. CIV–05–780–R, slip op. at 9 (W.D. Okla. Nov. 23, 2005) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Jan. 26, 2006) (unpublished order by district judge), *appeal dismissed*, Case No. 06–6104 (10th Cir. Aug. 17, 2006) (unpublished op.).

29. *See supra* pp. 1–2.

30. *See supra* p. 17.

31. *See supra* pp. 4–5.

consecutive terms of 25 years to life imprisonment. *See Lockyer v. Andrade,* 538 U.S. at 68, 123 S.Ct. 1166. After the state appeals court upheld the sentence, the Ninth Circuit Court of Appeals held that the petitioner was entitled to federal habeas relief based on an excessive sentence. *See id.* at 68–69, 123 S.Ct. 1166. The Supreme Court reversed because the state appellate court had reasonably relied on *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). *Lockyer v. Andrade,* 538 U.S. at 73–75, 123 S.Ct. 1166. In *Rummel,* the Supreme Court held that life imprisonment was not constitutionally excessive for a crime involving the acquisition of $120.75 by false pretenses. *Rummel v. Estelle,* 445 U.S. at 266, 285, 100 S.Ct. 1133. In doing so, the Court relied on the legislature's determination to stiffen the penalty for repeat offenders who had two prior felony convictions. *Id.* at 285, 100 S.Ct. 1133.

In the present case, the Oklahoma legislature imposed a similar enhancement for repeat offenders, raising the maximum sentence to life imprisonment for unauthorized use of a motor vehicle when an offender had at least two prior felony convictions. *See supra* p. 17. Mr. Galloway had eight. *See supra* pp. 17–18. Under *Rummel,* the Oklahoma legislature had the constitutional power to decide how harshly a recidivist should be penalized. And in exercising this discretion, the state trial judge and the OCCA did not violate the letter or spirit of *Rummel.* Under *Lockyer v. Andrade,* habeas relief is unavailable in light of the consistency of the state courts' decision with *Rummel.*

In light of the Supreme Court's decisions in *Rummel* and *Lockyer,* Mr. Galloway cannot demonstrate that his 25–year sentence for unauthorized use of a motor vehicle was constitutionally excessive.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The ineffective assistance claims involve conflicts of interest and deficiencies in performance at trial and on appeal. Petition at pp. 7–8, 10. These claims are invalid.

#### I. The Petitioner's Claims

According to Mr. Galloway, trial counsel was constitutionally ineffective for proceeding with a conflict of interest involving a bar complaint and for failing to:

- object to the trial judge's participation in the plea negotiations,

- object to the excessiveness of the sentence, and

- consult about the client's desire to appeal and possible issues for appeal. Petition at pp. 8, 10–11; Petitioner's Brief in Support at pp. 15–16. Appellate counsel was allegedly ineffective for failure to discuss or raise the Petitioner's "meritorious" claims on appeal.[32] *See* Petition at pp. 7, 9. Finally, Mr. Galloway alleges a conflict of interest by the appellate attorney because he had worked in the same office as the trial lawyer. Petitioner's Brief in Support at p. 12.

#### II. Conflicts of Interest

The alleged conflicts are based on:

---

**32.** In his reply brief, the Petitioner adds that appellate counsel was ineffective for failure to designate the preliminary hearing transcript during his *certiorari* appeal. Petitioner's Reply at p. 22. Because this allegation was raised for the first time in a reply brief, the Court need not address it. *See United States v. Mora,* 293 F.3d 1213, 1216 (10th Cir.2002)

("we [do not] consider arguments raised for the first time in a reply brief"); *see also Hamburg v. Attorney General of Wyoming,* 34 F.3d 1076, 1994 WL 413258, Westlaw op. at 2 (10th Cir. Aug. 5, 1994) (unpublished op.) (refusing to consider habeas claims raised for the first time in a reply brief).

- the filing of a bar complaint against the trial attorney and

- the appointment of an appellate attorney from the same office which was employing the trial attorney.

*See supra* p. 19. Exercising its independent judgment,[33] the federal district court should reject these claims.

### A. *The Applicable Standard*

To prevail on a claim of ineffective assistance of counsel arising out of a conflict of interest, the Petitioner must demonstrate "an actual conflict of interest adversely affected his lawyer's performance."[34]

### B. *Trial Counsel's Alleged Conflict of Interest*

 Before entry of his guilty plea, Mr. Galloway filed a bar complaint against his trial attorney. *See* Petitioner's Brief in Support at p. 4. In the present action, the Petitioner alleges ineffective assistance of counsel, arguing that the bar complaint created a conflict of interest. *Id.* at p. 14. The state district court rejected this claim, reasoning that Mr. Galloway had "failed to establish that counsel was acting under an actual conflict of interest; at best, he ha[d] shown the mere possibility of a conflict in his claim that he had at the time of his plea a pending bar complaint against counsel." Order Denying Post–Conviction Relief at p. 5.

Many other federal courts have held that the filing of a bar complaint is insufficient in itself to establish a conflict of interest.[35] The Tenth Circuit Court of Appeals has not squarely addressed the issue. But in unpublished decisions, the court has:

---

**33.** The state district court rejected the claims on grounds of waiver and invalidity on the merits. Order Denying Post–Conviction Relief at 3–6. In upholding this decision, the OCCA stated that the Petitioner had not demonstrated how the district court had erred. OCCA Opinion on Post–Conviction Relief at 2–3. The federal district court may assume *arguendo* that the state appeals court had failed to reach the merits of Mr. Galloway's claims involving conflicts of interest. *See supra* p. 3.

**34.** *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *see also Mickens v. Taylor,* 535 U.S. 162, 171, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002) (explaining that the term " 'actual conflict of interest' " means a "conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties" (emphasis in original)).

**35.** *See United States v. Contractor,* 926 F.2d 128, 134 (2d Cir.1991) (holding that generalized allegations of a conflict of interest were insufficient when based on a lack of zealousness as a result of the defendant's complaint with the bar association); *United States v. Burns,* 990 F.2d 1426, 1438 (4th Cir.1993) (holding that a conflict of interest could not be based solely on the defendant's filing of a state bar grievance petition); *United States v. Holman,* 314 F.3d 837, 845 (7th Cir.2002) ("The fact that Holman initiated a disciplinary inquiry against his attorney is not enough to establish an actual conflict of interest."); *Consiglio v. Prunty,* 121 F.3d 715, 1997 WL 525467, Westlaw op. at 3 (9th Cir. Aug. 25, 1997) (unpublished op.) (upholding the federal district court's determination that the habeas petitioner's filing of a state bar complaint had not negatively affected the attorney's representation); *Kandies v. Lee,* 252 F.Supp.2d 252, 259 (M.D.N.C.2003) ("Filing of ... a bar grievance does not *per se* create an actual conflict." (citation omitted)), *aff'd,* 385 F.3d 457 (4th Cir.2004), *vacated on other grounds,* 545 U.S. 1137, 125 S.Ct. 2974, 162 L.Ed.2d 884 (2005); *Estacio v. Hill,* 2008 WL 2536271, Westlaw op. at 1, 5 (D. Ore. June 23, 2008) (unpublished op.) (holding that no actual conflict of interest existed based on the filing of a pretrial complaint against counsel with the state bar association); *see also Vasquez v. Parrott,* 397 F.Supp.2d 452, 459 (S.D.N.Y.2005) ("the fact that the petitioner filed a complaint against [his trial counsel] with the Disciplinary Committee does not demonstrate a conflict of interest because the complaint was without merit").

**1318**

- upheld a district court determination that counsel did not have an irreconcilable conflict notwithstanding the defendant's filing of a complaint with the bar association [36] and
- rejected a habeas claim on grounds that the petitioner's filing of a complaint against his trial counsel with the state bar association did not reflect a reasonable probability of reversal if the issue had been raised on appeal.[37]

In light of the ample authority in other jurisdictions and the unpublished decisions in the Tenth Circuit Court of Appeals, the Western District of Oklahoma should conclude that an actual conflict of interest did not exist. *See* Tenth Cir. R. 32.1(A) (authorizing use of unpublished Tenth Circuit Opinions as persuasive authority). In the absence of an actual conflict of interest, the Court should reject the habeas claim. *See supra* p. 21.

### C. Appellate Counsel's Alleged Conflict of Interest

■■■ The Petitioner complains that his appellate attorney was appointed from the same office as his trial attorney. Petitioner's Brief in Support at p. 12. Mr. Galloway does not say how the dual employment had adversely affected appellate counsel's performance. These circumstances do not create an inherent conflict of interest. *See Watson v. Poppell,* 154 Fed.Appx. 712, 715 (10th Cir.2005) (unpublished op.) ("no inherent conflict exists merely because appellate and trial counsel are both employed by the Public Defender's Office"). This habeas claim is meritless.

### III. Deficient Performance at Trial

Mr. Galloway also complains about the performance of his attorneys at trial. *See supra* p. 20. These arguments are also invalid.

#### A. Standard for Ineffective Assistance of Counsel for Deficient Performance

On a claim involving ineffective assistance of counsel, a petitioner must show that the attorney's performance was constitutionally deficient and prejudicial. *See Strickland v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

For his trial attorney, Mr. Galloway must demonstrate a reasonable probability that but for his counsel's errors, he would not have pled guilty and would instead have gone to trial. *See Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).[38]

For appellate counsel, the Petitioner must show that his attorney's representa-

---

**36.** *United States v. Rhodes,* 157 Fed.Appx. 84, 88 (10th Cir.2005) (unpublished op.).

**37.** *Wiley v. Sirmons,* 196 Fed.Appx. 727, 731 (10th Cir.2006) (unpublished op.).

**38.** In *Hill v. Lockhart,* the Supreme Court applied the *Strickland* test to a claim of ineffective assistance in plea proceedings. In this setting, the Court stated:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence.... The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart,* 474 U.S. at 58–59, 106 S.Ct. 366 (footnote omitted).

tion in the appeal was deficient and prejudicial. *See Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052. Prejudice cannot be established if an omitted issue lacks merit. *See Hawkins v. Hannigan,* 185 F.3d 1146, 1152 (10th Cir.1999) (if an omitted issue lacks merit, counsel's failure to raise it on appeal does not reflect ineffective assistance).

**B.** *Failure to Object to Judicial Participation in the Plea Negotiations*

■ In part, Mr. Galloway complains about his trial attorney's failure to object to the trial judge's involvement in the plea negotiations. Petition at p. 8; Petitioner's Brief in Support at pp. 16, 19–20; *see supra* p. 20. The alleged omission did not prove prejudicial.

A different outcome would only have been possible if either the trial judge or the OCCA would have agreed with the Petitioner's underlying complaint of judicial participation in plea negotiations. Not surprisingly, the Petitioner does not suggest that the judge would have agreed with his underlying challenge to her involvement in the plea negotiations. Thus, the only possible question is whether the OCCA would likely have overturned the conviction if the trial attorney had objected. Here, however, the OCCA's actual decision in the *certiorari* appeal demonstrates the futility of a trial objection.

Even without an objection at trial, the OCCA considered the underlying argument on the merits and concluded that the trial court had not "impermissibly participate[d] in the plea negotiations." OCCA Certiorari Opinion at 2 (citation omitted). In reaching this conclusion, the OCCA did not mention or rely on the trial attorney's failure to lodge an objection. *See id.* Thus, Mr. Galloway cannot establish a reasonable probability of a different outcome if trial counsel had objected to the judge's participation in the plea negotiations. *See Miller v. Mullin,* 354 F.3d 1288, 1296 & 1299 (10th Cir.2004) (*per curiam*);[39] *see also Massingale v. Cody,* 61 F.3d 916, 1995 WL 434832, Westlaw op. at 1 (10th Cir. July 25, 1995) (unpublished op.) ("Because there was no error committed by allowing evidence of [the habeas petitioner's] prior record at the sentencing phase of his trial before the jury, it follows *a fortiori* that trial counsel was not ineffective in failing to exclude this evidence ...." (citation omitted)).[40]

**C.** *Failure to Object to the Severity of the Sentence for Unauthorized Use of a Motor Vehicle*

■ The Petitioner also believes that his trial attorney should have objected to 25–year sentence on grounds that it was excessive. Petition at p. 8; Petitioner's Brief in Support at p. 20; *see supra* p. 20.

Again, the Petitioner could demonstrate prejudice only if a trial objection would likely have influenced the outcome either with the state district judge or the state

**39.** In *Miller v. Mullin,* a petitioner sought habeas relief based in part on the prosecutor's use of transparencies and defense counsel's failure to object. *See Miller v. Mullin,* 354 F.3d at 1293–95, 1297. In upholding the denial of habeas relief, the Tenth Circuit Court of Appeals held that the state appellate court had reasonably applied federal law in holding that use of the transparencies did not constitute plain error. *Id.* at 1296. Because the transparencies did not involve plain error, the petitioner could not establish a reasonable probability of acquittal if his attorney had lodged a timely objection. *Id.* at 1299.

**40.** As discussed above, the federal constitution does not prohibit judicial involvement in plea negotiations. *See supra* pp. 8–10. The same is true under Oklahoma law. *See Ryder v. State,* 83 P.3d 856, 863 (Okla.Crim.App. 2004) (noting that Oklahoma has no provision that prohibits judicial participation in plea negotiations).

appeals court. No one suggests that the trial judge would have reconsidered her own sentencing decision if trial counsel had objected.[41] Thus, the only possible prejudice would have involved the likelihood of a different result in the *certiorari* appeal if trial counsel had objected. Again, the OCCA's actual decision reveals the futility of an objection to the severity of the sentence.

On direct appeal, the OCCA considered the merits of the claim and held that the sentence was not excessive. OCCA Certiorari Opinion at p. 2. In reaching this decision, the OCCA did not mention the trial attorney's failure to lodge an objection. *See id.* Thus, the federal district court lacks any reason to believe that the OCCA would have reached a different conclusion if the trial attorney had objected.

In these circumstances, the Petitioner cannot show prejudice with the outcome either at trial or on appeal.

### D. *Failure to Consult with the Client in the Ten Days Following the Plea Proceeding*

■ Mr. Galloway also seeks habeas relief based on an inability to consult with his trial attorney in the ten days following entry of the guilty plea. Petition at p. 11; Petitioner's Brief in Support at pp. 15–16; *see supra* p. 20. This claim is invalid because of the absence of prejudice.

Even without the benefit of counsel, the Petitioner filed a timely motion to withdraw the plea. *See* Motion to Withdraw

Plea, *Galloway v. State*, Case No. CF–2004–2506 (Okla.Co.Dist.Ct. July 27, 2005); *see also supra* p. 2. When Mr. Galloway filed the motion, the state district court provided a hearing and appointed counsel. *See supra* p. 2. Thus, Mr. Galloway ultimately obtained the benefit of legal representation in the hearing on his motion. In these circumstances, Mr. Galloway cannot establish a reasonable probability of a different result if he had been able to consult with an attorney in the ten days following entry of the plea.

### IV. *Deficient Performance on Appeal*

■ Finally, Mr. Galloway alleges ineffective assistance on the part of his appeal counsel. *See supra* pp. 3, 20. The claims are vague. In both the habeas petition and supporting brief, Mr. Galloway simply asserts that his appellate counsel had failed "to raise meritorious claims," without saying what they were. Petition at p. 7; Petitioner's Brief in Support at pp. 10–12. Without identification of the theories that Mr. Galloway thinks were improperly omitted, the federal district court cannot assess their validity or the potential prejudice. In these circumstances, the Court should reject Mr. Galloway's conclusory theory of ineffective assistance in the direct appeal.[42]

### V. *Summary*

The OCCA reasonably determined that trial and appellate counsel were not ineffective. Mr. Galloway has presented no

---

**41.** At the hearing on the motion to withdraw the plea, Mr. Galloway said that he thought that the 25–year sentence was "too harsh." Transcript of Motion to Withdraw Plea of Guilty at 17. The judge said that she "disagree[d]" and that Mr. Galloway was "wrong." *Id.* at 10–11, 17.

**42.** *See United States v. Fisher*, 38 F.3d 1144, 1146–47 (10th Cir.1994) (rejecting habeas claims involving ineffective assistance of

counsel on grounds that they were "conclusory in nature and without supporting factual averments"); *see also Thomas v. Gibson*, 218 F.3d 1213, 1224 n. 9 (10th Cir.2000) (stating that a "three-sentence argument" of ineffective assistance, which fails to cite or apply *Strickland v. Washington*, was "so superficially developed that [the Tenth Circuit Court of Appeals] deem[ed] it waived" (citation omitted)).

evidence to overcome the deference owed to the state court, and habeas relief is unavailable.

### THE PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING

██ In a separate document, Mr. Galloway requests an evidentiary hearing. Motion for Evidentiary Hearing, *passim* (June 16, 2008). His request should be denied.

Federal law restricts the availability of an evidentiary hearing when a petitioner fails to develop the factual basis of his habeas claim in state court. *See* 28 U.S.C. § 2254(e)(2) (2000). "Under the opening clause of [this law], a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Ordinarily, a petitioner will be considered "diligent" only if he had requested "an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437, 120 S.Ct. 1479.

██ If the Petitioner does diligently attempt to develop the factual basis of his claim in state court, the federal court should ordinarily conduct an evidentiary hearing if proof of the allegations would justify habeas relief. *See Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir.1998) (holding that the petitioner "is entitled to receive an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief" (citation omitted)). But the Court need not conduct an evidentiary hearing "if the record refutes the applicant's factual allegations or other-

wise precludes habeas relief...." *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007).

The habeas record reflects that Mr. Galloway did attempt to develop the factual foundation in state court.[43] Consequently, he would be entitled to an evidentiary hearing if:

● his factual allegations would entitle him to habeas relief and

● the habeas claims were not belied by the record.

*See supra* p. 29.

In the motion for an evidentiary hearing, Mr. Galloway states that he could prove six facts:

1. He spent 667 days in jail and obtained a 25–year sentence for his first conviction involving unauthorized use of a motor vehicle.

2. A different judge had imposed a sentence on June 4, 2004, and tore it up later the same day.

3. The Petitioner then remained in jail 411 days, when the case was transferred multiple times between judges.

4. Judge Twyla Mason Gray then imposed the sentence.

5. Cynthia Tedder failed to timely file a notice of appeal.

6. Judge Gray and Ms. Tedder colluded, and Ms. Tedder remained in the case until after expiration of the deadline for a notice of intent to appeal.

Motion for Evidentiary Hearing at pp. 2–3 (June 16, 2008). Even if these facts

---

**43.** *See* Application for Post–Conviction Relief at pp. 4–6, 8–10; Brief in Support for Application for Post–Conviction Relief at pp. 7–8, 12, 15, *Galloway v. State*, Case No. CF–2004–2506 (Okla. Co. Dist. Ct. June 8, 2007); Brief in Support of Amended Petition in Error on Behalf of Robert William Galloway, Petitioner at p. 26, *Galloway v. State*, Case No. PC–2007–1213 (Okla.Crim.App. Jan. 28, 2008).

were to be proven, Mr. Galloway could not obtain habeas relief. *See supra* pp. 3–28. As a result, the Petitioner is not entitled to an evidentiary hearing.

### *RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT*

For the reasons discussed above, the undersigned recommends denial of the requests for an evidentiary hearing and issuance of a writ of habeas corpus.

The Petitioner can object to this report and recommendation. To do so, Mr. Galloway must file an objection with the Court Clerk for the Western District of Oklahoma. The deadline for objections is December 9, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991); *see also Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir.1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### *STATUS OF THE REFERRAL*

The referral is terminated.

Entered this 19th day of November, 2008.