FILED
United States Court of Appeals
Tenth Circuit

November 4, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT WILLIAM GALLOWAY,

Petitioner-Appellant,

v.

BRUCE HOWARD,

Respondents-Appellees.

No. 08-6270
(D.C. No. 5:08-CV-00285-C)
(W.D. Okla.)

ORDER

Before **HARTZ**, and **McKAY**, and **SEYMOUR**, Circuit Judges.

Petitioner Robert Galloway ("petitioner") asks us to grant a Certificate of

Appealability (COA), authorizing him to appeal the district court's denial of his

petitions for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set

forth below, we decline to do so.

Petitioner attempted to plead guilty in Oklahoma state court and to accept

concurrent ten-year sentences for the charges of unauthorized use of a motor

vehicle and driving under the influence, as well as a concurrent one-year sentence

for driving under a revocation. The county judge did not accept the ten-year

sentence for unauthorized use of a motor vehicle. Petitioner subsequently entered

a new guilty plea and received concurrent sentences of twenty-five years for unauthorized use of a motor vehicle, ten years for driving under the influence, and one year for driving under revocation. Later, appearing *pro se*, he filed a motion to withdraw his guilty plea. After a hearing, the state court denied his motion. Petitioner appealed through counsel to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed. Petitioner sought post-conviction relief. Once again, the state district court denied his motion and the OCCA affirmed the district court's denial.

Proceeding *pro se*, petitioner filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus, on substantially similar grounds as those raised before the OCCA. The district court for the Western District of Oklahoma denied habeas relief and his request for a Certificate of Appealability (COA), adopting the Magistrate Judge's Report and Recommendation, to which petitioner had timely objected. *Galloway v. Howard*, 624 F. Supp. 2d 1305, 1307-08 (W.D. Okla. 2008). Petitioner now appears *pro se* seeking a COA from this court.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

-2-

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal alteration and quotation marks omitted).

Where the state court proceedings included adjudication of the merits of petitioner's federal habeas claims, we may grant a writ of habeas corpus only if the state court decision was: "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . ." or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Where AEDPA is applicable, the question on a COA application is "whether the District Court's application of AEDPA deference, as stated in §§ 2254(d)(2) and (e)(1), to petitioner's . . . claim was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 341; *see Dockins v. Hines*, 374 F.3d 935, 937-39 (10th Cir. 2004) (interpreting *Miller-El*).

Petitioner's request for a COA is substantially based on the same claims and arguments presented to the district court, i.e., violation of the Due Process Clauses of the Fifth and Fourteenth Amendments due to reinstatement of the charge of unauthorized use of a motor vehicle against him in violation of state rules and the district court's abuse of discretion in refusing to allow him to withdraw his guilty plea; involuntariness of his guilty plea due to coercion; and ineffective assistance of trial and appellate counsel in violation of the Sixth

Amendment.[1] We have carefully reviewed petitioner's brief, the district court's disposition, the magistrate judge's Report and Recommendation, and the record on appeal. Based on that review, we cannot say that petitioner has met the standards for obtaining a COA. *Id*. Accordingly, we **DENY** petitioner's applications for a COA substantially for the reasons set forth by the district court's order adopting the magistrate judge's report and recommendation.[2]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1] Petitioner has abandoned his "excessive sentence for unauthorized use of a motor vehicle" claim on appeal.

[2] We grant petitioner's *in forma pauperis* application.

-4-